IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | 4:08CV3083 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CHRISTINE PETERSON, and BILL | ) | |
| GIBSON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Seal his Brief in Opposition to Sua Sponte Summary Judgment ("Brief in Opposition") and his corresponding Index of Evidence. (Filing Nos. 25, 26 and 27.) Plaintiff filed these documents in response to the court's June 22, 2009 Order, which provided Plaintiff with an opportunity to supplement the record to show why sua sponte summary judgment should not be granted in Defendants' favor. (*See* Filing No. 24.) The court now reviews Plaintiff's Motion to Seal. In addition, the court will review Plaintiff's Brief in Opposition and his Index of Evidence to determine whether a genuine issue of material fact exists in this matter.

### I. PLAINTIFF'S MOTION

On July 1, 2009, Plaintiff filed a Motion to Seal his Brief in Opposition and his corresponding Index of Evidence. (Filing Nos. 25, 26 and 27.) In his Motion, Plaintiff asks the court to permit him to file these documents under seal because they contain "confidential Medical Information." (Filing No. 25.) The court has reviewed both documents and finds that Plaintiff's Brief in Opposition (filing no. 26) contains no confidential medical information. Accordingly, Plaintiff's Brief in Opposition (filing no. 26) shall not be filed under seal.

On the other hand, Plaintiff's Index of Evidence (filing no. 27) contains his medical treatment records. In accordance with Federal Rule of Civil Procedure 5.2 and NeCivR 5.0.3 and 7.5, the court will grant Plaintiff's Motion to Seal in part and permit him to file his Index of Evidence (filing no. 27) under seal. The court reminds Plaintiff to comply with the service requirements to ensure that Defendants receive copies of the sealed document.

## II. BACKGROUND AND SUMMARY OF PLAINTIFF'S SUPPLEMENTS

Plaintiff filed his Complaint in this matter on April 21, 2008. (Filing No. 1.) On October 1, 2008, the court conducted an initial review of Plaintiff's Complaint. (Filing No. 7.) On initial review, the court dismissed Plaintiff's claims against Defendants in their official capacities for monetary relief, but permitted Plaintiff's claims to proceed against Defendants in their individual capacities and their official capacities for injunctive relief. (*Id*.) After being served, Defendants filed an Answer on November 21, 2008. (Filing No. 15.) Shortly thereafter, Plaintiff filed a Motion for Summary Judgment. (Filing No. 16.) Along with his Motion, Plaintiff filed an Affidavit in Support, a Brief in Support and a Statement of Undisputed Facts. (Filing Nos. 17, 18 and 19.) On December 22, 2008, Defendants filed a Brief in Opposition to Plaintiff's Motion along with an Index of Evidence. (Filing Nos. 21 and 22.) Plaintiff responded to Defendants' Brief in Opposition by filing a Reply Brief. (Filing No. 23.)

On June 22, 2009, the court carefully reviewed the parties' documents, determined that there was no genuine issue of material fact, and concluded that Defendants were entitled to qualified immunity as a matter of law. (Filing No. 24.) However, the court withheld judgment for 30 days to provide Plaintiff with an opportunity to supplement the record with information to create an issue of material fact. (*Id*.) On July 1, 2009, Plaintiff supplemented the record with a Brief in Opposition and a corresponding Index of Evidence. (Filing Nos. 26 and 27.) In light

of this information, and in conjunction with the parties prior filings, the court adopts the following undisputed material facts. The court notes that these facts are largely repetitive of the facts adopted in the court's June 22, 2009 Order.

### III. RELEVANT UNDISPUTED MATERIAL FACTS

1. Plaintiff was admitted to the Lincoln Regional Center ("LRC") as a patient on August 13, 1993, and has resided there ever since.

2. In March 1994, Plaintiff earned Code 3 privileges, which permitted him to participate in community outings.

3. In January 2008, a patient eloped from a community outing without the permission or knowledge of accompanying staff.

4. Because of the elopement, Code 3 privileges were immediately suspended for all LRC patients.

5. Since the Code 3 suspension, Defendants, among others, have discussed facility-wide patient privilege policy adjustments.

6. The LRC is currently holding Code 3 privileges in abeyance.

(Filing No. 15 at CM/ECF pp. 1-3; Filing No. 21 at CM/ECF p. 1; Filing No. 22-2, Attach. 1 at CM/ECF pp. 1-6; Filing No. 22-6, Attach. 5 at CM/ECF p. 2; Filing No. 22-8 at CM/ECF pp. 2-3.)

## IV. ANALYSIS

### A. Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also* Egan v. Wells Fargo Alarm Servs., 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. Bell v. Conopco, Inc., 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. Dancy v. Hyster Co., 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate the allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting Gregory v. City of Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

### B. Plaintiff's Supplemental Information

In Plaintiff's Brief in Opposition, he disputes Defendants' assertion that LRC patients can obtain Code 3 privileges when their discharge is to occur in the near future. (Filing No. 26 at CM/ECF pp. 5-6; Filing No. 22-6, Attach 5 at CM/ECF p. 2.) He argues that Defendants "have not enacted any 'official' policy changes" to

prevent him from exercising his Code 3 privileges and that those privileges are still under a facility-wide "Administrative Suspension." (Filing No. 26 at CM/ECF pp. 5-6.) For the reasons discussed below, this information does not create a genuine issue of material fact and Defendants remain entitled to qualified immunity.

Qualified immunity is a question of law to be determined by the court and should ordinarily be decided long before trial. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). "Public officials, of course, are entitled to qualified immunity from liability for damages under 42 U.S.C. § 1983 if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Domina v. Van Pelt*, 235 F.3d 1091, 1096 (8th Cir. 2000) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In short, "qualified immunity shields a defendant from suit if he or she could have reasonably believed his or her conduct to be lawful in light of clearly established law and the information [that the defendant] possessed." *Smithson v. Aldrich*, 235 F.3d 1058, 1061 (8th Cir. 2000) (citations and quotations omitted). "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Id.* (citations and quotations omitted). Moreover, qualified immunity is "the usual rule" and state actors will enjoy qualified immunity in all but "exceptional cases." *Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996).

The court focuses on two questions to determine whether a state official is entitled to qualified immunity: "(1) whether, after viewing the facts in the light most favorable to the party asserting the injury, there was a deprivation of a constitutional or statutory right; and, if so, (2) whether the right was clearly established at the time of the deprivation such that a reasonable official would understand that their conduct was unlawful . . . ." *Henderson v. Munn*, 439 F.3d 497, 501 (8th Cir. 2006) (citations and quotations omitted). Thus, the "initial inquiry is whether the facts as alleged show that the officers' conduct violated a constitutional right. . . . If the facts do not

show a violation, [a court] need not proceed further with the qualified immunity analysis." Brockinton v. City of Sherwood, 503 F.3d 667, 672 (8th Cir. 2007).

In its June 22, 2009 Order, the court analyzed whether Defendants deprived Plaintiff of a constitutional right. In concluding that Defendants were entitled to qualified immunity, the court stated:

> Plaintiff did not conduct any discovery or direct the court to any case law to show that Defendants' removal of his Code 3 privileges deprived him of a constitutional right or was a substantial departure from accepted professional judgment.
>
> . . .
>
> In contrast, Defendants have submitted sworn affidavits showing that the removal of Plaintiff's Code 3 privileges was related to facility-wide policy adjustments enacted in response to the January 2008 patient elopement. These policy changes were enacted in the interest of public safety and were applied to all LRC patients, not just Plaintiff. Under these new policies, LRC patients can obtain Code 3 privileges when their discharge is to occur in the near future.
>
> The Supreme Court has cautioned courts against substituting their judgment for that of correction officials charged with maintaining institutional order and security. Bell v. Wolfish, 441 U.S. 520, 547-48 (1979). Defendants here have shown that the policy adjustments that Plaintiff complains of were enacted in the interest of public safety. Further, nothing in the record suggests that the enactment of these facility-wide policy adjustments was a substantial departure from accepted professional judgment, practice, or standards. In light of these

> findings, Plaintiff has not established that Defendants violated a constitutional right and there is no need to proceed further. Defendants are entitled to qualified immunity.

(Filing No. 24 at CM/ECF p. 7.)

Plaintiff's supplemental information does not change this analysis. Plaintiff's assertion that his Code 3 privileges are under "Administrative Suspension," rather than "adjusted," does not show that Defendants' actions were a substantial departure from accepted professional judgment, practice, or standards. Moreover, Plaintiff's Code 3 privileges are a part of his LRC "Treatment Plan." (Filing No. 27 at CM/ECF pp. 4; Filing No. 22-8, Attach. 7 at CM/ECF pp. 2-3.) Plaintiff's mere dissatisfaction with the administration of his treatment plan is not a cognizable constitutional violation. *See, e.g., Coffman v. Blunt*, 2005 WL 2108103, at *2 (E.D. Mo. Aug. 31, 2005) (concluding that disagreement with how a medical program is run cannot, by itself, support a section 1983 claim).

In accordance with the court's July 22, 2009 Order, the court finds that Plaintiff's supplemental information does not create a genuine issue of material fact and that Defendants remain entitled to qualified immunity as a matter of law. (*See* Filing No. 24.) Plaintiff's federal claims against Defendants are therefore dismissed with prejudice.

Liberally construed, Plaintiff may still have state-law claims. Because the court is dismissing Plaintiff's federal claims, it declines to exercise supplemental jurisdiction over Plaintiff's state-law claims . Thus, the court will dismiss Plaintiff's state-law claims without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Seal (filing no. 25) is granted in part and denied in part, in accordance with this Memorandum and Order. Plaintiff is permitted to file his Index of Evidence (filing no. 27) under seal.

2. Plaintiff's federal claims are dismissed with prejudice. Plaintiff's state-law claims are dismissed without prejudice.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

September 15, 2009.　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　*Richard G. Kopf*
　　　　　　　　　　　　　　　　　　United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.